# EXHIBIT A

Case 1:09-cv-01034-TCB   Document 1-1   Filed 04/17/09   Page 2 of 25

CIVIL ACTION NO. _09A02350-3_

DATE FILED _3/10/09_

ATTORNEY OR PLAINTIFF(s), ADDRESS & TELEPHONE NUMBER

_Irene Kim_
_Geerdes + Kim, LLC_
_3483 Satellite Blvd, Suite 221_
_Duluth, GA 30096_

NAME, ADDRESS & TELEPHONE # OF PARTY TO BE SERVED

_Aurora Loan Services, Inc._
_c/o Corp. Service Co._
_40 Technology Pkwy, South, Ste #300_
_Norcross, GA 30092_

[ ] MAGISTRATE [ ] STATE [ ] SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

_Young Suk Krieger_

**PLAINTIFF(S)**

VS.
_Aurora Loan Services, Inc., Lehman Brothers,_
_Inc., First American Realty Capital Corp.,_
**DEFENDANT(S)** _Mortgage Electronic Registration System_
_and Does 1-50, inclusive_

**GARNISHEE**

Other attached documents to be served:

### SHERIFF'S ENTRY OF SERVICE

I HAVE THIS DAY SERVED THE WITHIN ACTION AND SUMMONS AS FOLLOWS:

[ ] **PERSONAL**   Upon the following named defendant:

[ ] **NOTORIOUS** Upon defendant _____
By leaving a copy of the action and summons at the most notorious place of abode in the county.

Delivered the same to_____ described as follows: approximate age
yrs, approximate weight_____ pounds; approximate height_____ feet and _____ inches, domiciled at residence of the defendant.

[ ] **CORPORATION** Upon corporation _Aurora Loan Services Inc._
By serving _Jamie Brumbelow (RA)_ , in charge of the office and
place of business of the corporation in this county.

By serving _____ its registered agent.

[ ] **TACK & MAIL** By posting a copy of the same to the door of the premises designated in the affidavit and/or summons, and on the same day of such posting, by depositing a true copy of the same in the United States mail First Class mail, in an envelope properly addressed to the defendant(s) at the address shown in the summons, containing adequate notice to the defendant(s) to answer said summons at the place stated in the summons.

[ ] **NON EST** Did not serve because after a diligent search the defendant could not be found in the jurisdiction of the court.

This _18th_ day of _Nov_ _8:00 Am_ , 20 _09_ .

SHERIFF DOCKET_____ PAGE_____

TIME: _____ ___. M.

_Wigerton 50404_
DEPUTY

Q:\ Magforms\Forms\MAG 10-10 Sheriff's Entry of Service

CIVIL ACTION NO. _09A02350-3.___

DATE FILED _3/16/09___

ATTORNEY OR PLAINTIFF(s), ADDRESS & TELEPHONE NUMBER

_Irene Kim, Esq_

_Geerdes + Kim, LLC_

_3483 Satellite Blvd., Ste 221_

_Duluth, GA 30096_

NAME, ADDRESS & TELEPHONE # OF PARTY TO BE SERVED

_Lehman Brothers, Inc._

_c/o Corp. Service Co._

_40 Technology Pkwy, South, #300_

_Norcross, GA 30092_

[ ] MAGISTRATE [ ] STATE [ ] SUPERIOR - COURT
GWINNETT COUNTY, GEORGIA

_Young Suk Krieger_

PLAINTIFF(S)

VS.

_Aurora Loan Services, Inc., Lehman Brothers,_
_Inc., First American Capital Corp., Mortgage_
DEFENDANT(S) _Electronic Registration Systems,_
_and Does 1-50, inclusive._

GARNISHEE

Other attached documents to be served: _____

---

### SHERIFF'S ENTRY OF SERVICE

I HAVE THIS DAY SERVED THE WITHIN ACTION AND SUMMONS AS FOLLOWS:

[ ] **PERSONAL** Upon the following named defendant: _____

[ ] **NOTORIOUS** Upon defendant _____
By leaving a copy of the action and summons at the most notorious place of abode in the county.

Delivered the same to_____ described as follows: approximate age
_____ yrs; approximate weight_____ pounds; approximate height_____ feet and_____ inches, domiciled at residence of the defendant.

[ ] **CORPORATION** Upon corporation _Lehman Brothers Inc._
By serving _Jamie Brumelow (RA)_, in charge of the office and
place of business of the corporation in this county.
By serving _____ as registered agent.

[ ] **TACK & MAIL** By posting a copy of the same to the door of the premises designated in the affidavit and/or summons, and on the same day of such posting, by depositing a true copy of the same in the United States mail First Class mail, in an envelope properly addressed to the defendant(s) at the address shown in the summons, containing adequate notice to the defendant(s) to answer said summons at the place stated in the summons.

[ ] **NON EST** Did not serve because after a diligent search the defendant could not be found in the jurisdiction of the court.

_____

_____

_____

This _18-13_ day of _March_, 200_9_.

_8:00 A.M_

SHERIFF DOCKET_____ PAGE_____

TIME: _____ ___. M.

_____ DEPUTY

## IN THE SUPERIOR COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

YOUNG SUK KREIGER

CIVIL ACTION
NUMBER     **09-A-02350-3**

### PLAINTIFF

### VS.

AURORA LOAN SERVICES INC
FIRST AMERICAN REALTY CAPITAL CORP
LEHMAN BROTHERS INC
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS
DOES

### DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of Said Court and serve upon the Plaintiff's attorney, whose name and address is:

> IRENE KIM
> 3483 SATELLITE BOULEVARD
> SUITE 221 S
> THE LAW GROUP OF GEERDES AND KIM LLC
> DULUTH, GA  30096

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 16th day of  March, 2009.

Tom Lawler
Clerk of Superior Court

By: _Christina LaBeau_
Deputy Clerk

**Instructions:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.
SC-1 Rev. 85

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA
2009 MAR 16  AM 10: 19

TOM LAWLER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| YOUNG SUK KREIGER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. |
| | ) | |
| vs. | ) | ᴏ 9 ᴀ 0 2 3 5 0 - 3 · |
| | ) | |
| AURORA LOAN SERVICES, INC.; FIRST | ) | |
| AMERICAN REALTY CAPTIAL | ) | |
| CORPORATION; LEHMAN BROTHERS, | ) | |
| INC.; MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS; and DOES 1 | ) | |
| through 50, inclusive, | ) | |

Defendants.

# REDACTED

## COMPLAINT

Plaintiff, YONG SUK KRIEGER (hereafter, "Plaintiff"), by and through her attorney,

hereby files this Complaint against Defendants, AURORA LOAN SERVICES, INC, FIRST

AMERICAN REALY CAPITAL CORPORATION, LEHMAN BROTHERS, INC, and

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, showing the court as follows:

### PARTIES

1.   Plaintiff, YONG SUK KRIEGER, is an individual residing at

Bethlehem, Georgia 30620 (herein after "Subject Property"), at all times mentioned herein.

2.   Upon information and belief, Defendant AURORA LOAN SERVICES, INC.

(hereinafter "Aurora") is a corporation organized in Delaware with its principle place of business

at 10350 Park Meadows Drive, Littleton, Colorado 80124 and is conducting business in the State

of Georgia.

3.    Upon information and belief, Defendant FIRST AMERICAN REALTY CAPITAL CORPORATION (hereinafter "First American") is a corporation organized in California with its principle place of business at 3660 Wilshire Boulevard, Suite 200, Los Angeles, California 90010 and is conducting business in the State of Georgia.

4.    Upon information and belief, Defendant LEHMAN BROTHERS, INC. (hereinafter "Lehman") is a corporation organized in New Jersey with its principle place of business at 70 Hudson Street, 10th Floor, Jersey City, New Jersey 07302 and is conducting business in the State of Georgia.

5.    Upon information and belief, Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (hereinafter "MERS") is a Florida Corporation with its principle place of business in Florida and is conducting business in the State of Georgia.

6.    Plaintiff is ignorant of the true names and capacities of Defendants sued as DOES 1-50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

7.    Plaintiff is informed and believes, and based on information and belief, alleges that at all times mentioned in this Complaint Defendants were agents, servants, partners, and/or employees of co-defendants, and in doing the action mentioned below were, unless otherwise alleged, within the course and scope of their authority as such agent, servant, partner, and/or employee with the permission and consent of co-defendants.

8.    Any allegations about acts of any corporate or other business defendant means that the corporation or other business did the acts alleged through its officers, directors, employees, agents, and/or representatives while they were acting within the actual or ostensible scope of their authority.

9.     Plaintiff believes and is informed and, on that basis, alleges, that each of said Defendants, include the DOE Defendants, were in some manner legally responsible for the unlawful actions, unlawful policies, and unlawful practices, complained herein.   Plaintiff will amend this Complaint to set forth the true names and capacities of said Defendants, along with the appropriate charging allegations when the same have been ascertained.

10.    Venue is proper in this Court because injury and damage to Plaintiff occurred in its jurisdictional area, the property is located in this jurisdictional area, and the unlawful practices were committed in this jurisdictional area.

## GENERAL ALLEGATIONS

11.    This action is brought against Defendants who engaged in fraud, conversion, defamation, deceptive and unfair practices, and other illegal and wrongful acts under the rubric of unfair business practices.

12.    As mortgage lenders, Defendants engaged in illegal activity in the practice of originating, transferring, assigning, selling and developing home mortgage loans.

13.    Defendants failed to maintain fair, prudent and truthful underwriting standards, wrongfully motivated by the profits to be made in the secondary market rather than the actual ability of the borrower to repay.

14.    Plaintiff was targeted for a loan that held maximum profitability value, which meant the costliest, riskiest loan for the Plaintiff, with little or no long-term viability.

15.    Defendants failed to take reasonable precautions to make certain the Plaintiff understood the actual terms, risks, and consequences of their loan, and in fact obstructed the process of a borrower obtaining the necessary information to make the most prudent decision possible.

16.     Plaintiff's application for the unduly risky loan was further aided by inflated appraisals and lax quality control.

17.     Defendants created residential mortgage loans (hereinafter "RML") and other loans in the form of adjustable rate mortgages (hereinafter "ARMs") that Defendants sold to Plaintiff with the intent and design to fraudulently and negligently maximize profits.

18.     The Defendant induced Plaintiff to accept Defendants' risky loan by misleading and false statements, and withholding of material information.

19.     The Defendants knew or should have known that Plaintiff's loan was not viable and would likely to result in foreclosure, due to Defendants' acts, intentions and designs.

## SPECIFIC ALLEGATIONS

20.     Plaintiff purchased the subject property in March of 1995 for the amount of approximately $440,000.00. .

21.     On or about March 28, 2007, American Realty Capital Corporation issued a refinance loan for $700,000.00, serviced by Lehman Brothers, Inc., and then Aurora.  The loan was then assigned to Mortgage Electronic Recording Systems, Inc. (MERS),

22.     The loan was made with an Adjustable Rate Note, which included a 9.375% interest rate that was subject to adjust at the end of the introductory period.  This loan is commonly referred to as a negative amortization loan because the balance of the loan is likely to increase past the value of the subject property.

23.     Defendants did not offer any other loan options to Plaintiffs other than this adjustable rate loan.

24.     The reasons Plaintiff got an adjustable rate note are because of the low monthly payments, because lender recommended it and because Plaintiff did not understand the difference.

25.     Furthermore, Defendant failed to explain and/or disclose in a meaningful manner the terms and conditions of the loan and the serious risk of defaulting on the loan.  Lender did not explain the type of loan, loan rate, or the likely payment increase as a result of choosing an ARM loan.

26.     Plaintiff was improperly qualified for the loan and would never have accepted this loan but for the Defendants' statements, omissions, and actions.  The liability to pay is not a result of a lost job, as the Plaintiff was receiving income at the time the loan was originated.

27.     The total current balance of the loan is $693,196.33, which exceeds the actual fair market value of the subject property.

## CAUSES OF ACTION

### Count I

### Violation of Georgia Uniform Deceptive Trade Practices Act (UDTPA)

28.     Plaintiff realleges and incorporates by reference all paragraphs above, as though fully set forth in this cause of action.

29.     Defendants as mortgage lenders, by engaging in illegal activity in the practice of originating, transferring, assigning, selling and developing home mortgage loans in the general marketplace  via misrepresentation and fraud, have committed deceptive trade practices in the state of Georgia in violation of  O.C.G.A. § 10-1-370 et seq.  Plaintiff has been caused irreparable harm and great financial hardship due to Defendants' deceptive trade practices.  In order to prevent further irreparable harm such as but not limited to loss of Plaintiff's home,

reputation, financial ability for daily living and credit, and to stop creating deliberate confusion of all consumers arising out of Defendants' deceptive practices, Defendants should be enjoined from any further deceptive activity as to home mortgage real estate loan. The Court should also enjoin Defendants from marketing and selling the RML both on the primary and secondary market until such time the Defendants can prove that they have ceased their deceptive practices in marketing and selling the RML and have implemented standards and controls to prevent such deceptive practices from occurring again.

WHEREFORE, Plaintiff prays for judgment as set forth below.

<u>**Count II**</u>

**Violation of Georgia Fair Lending Act**

30.    Plaintiff realleges and incorporates by reference all paragraphs above, as though fully set forth in this cause of action.

31.    Section 7-6A-5(7) of the Georgia Fair Lending Act (O.C.G.A. § 7-6A-5(7)), provides that, "[a] creditor shall not make a high-cost home loan without first receiving certification from a counselor with a third-party nonprofit organization approved by the United States Department of Housing and Urban Development or the Georgia Housing and Finance Authority that the borrower has received counseling on the advisability of the loan transaction."

32.    O.C.G.A. § 7-6A-5(8) further provides that, "[a] creditor shall not make a high-cost home loan unless a reasonable creditor would believe at the time the loan was consummated that the borrower residing in the home will be able to make the scheduled payments associated with the loan based upon a consideration of his or her current and expected income, current obligations, employment status, and other financial resources, other than the borrower's equity in the collateral that secures repayment of the loan."

33.     Defendants violated the Georgia Fair lending act by failing to examine Plaintiff's current

and future ability to pay the RML. Moreover, Defendants' agents inflated the appraised value of

the applicant's home. Defendants also failed to clearly and conspicuously disclose to Plaintiff

key provisions of Plaintiff's mortgage.   Defendants knew or by the exercise of reasonable care

should have known that these statements, acts or omissions were unlawful.

34.     Defendants' violation of the Georgia Fair Lending Act have caused Plaintiff severe

financial damages in an amount to be determined at trial.   Second, Plaintiff requests reasonable

attorney fees and costs.

     WHEREFORE, Plaintiff prays for judgment as set for the below.

**Count III**

**Violation of the Georgia Residential Mortgage Act (GRMA)**

35.     Plaintiff realleges and incorporates by reference all paragraphs above, as though fully set

forth in this cause of action.

36.     Defendants violated the Georgia Residential Mortgage Act, pursuant to § O.C.G.A. 7-1-

1013 (2008), by misrepresenting the material facts, making false statements or promises, and

submitting false statements or documents likely to influence, persuade, or induce an applicant for

a mortgage loan. Defendants also pursued a course of misrepresentation by use of fraudulent or

unauthorized documents or other means to the department. Defendants misrepresented,

concealed and caused another to misrepresent and conceal material factors, terms, and conditions

of a transaction to which a mortgage lender or broker is a party, pertinent to an applicant or

application for a mortgage loan or a mortgagor. They engaged in  transactions, practices, and

courses of business which were not in good faith nor were fair dealing, and operated as a fraud

upon the Plaintiff,  in connection with Plaintiff's loan. Defendants engaged in fraudulent home

mortgage underwriting practices, made, directly or indirectly, any residential mortgage loan with the intent to foreclose on the borrower's property.

37.     Defendants' violation of the GRMA has caused plaintiff damage in an amount to be determined at trial.  At a minimum, it includes the irreparable harm to Plaintiff's credit score and the amount overpaid to Defendants on the fraudulently obtained RML on the Subject Property. Second, Plaintiff requests reasonable attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### Count IV

### Fraud

38.     Plaintiff realleges and incorporatees by reference all paragraphs above, as though fully set forth in this cause of action.

39.     Defendants represented to Plaintiff that all the statements made to her in the origination of the RML were true and that the value of the Subject Property which supported the loan was also true.  Defendants' representations were false and Defendants knew they were false and made such representations without regard to their truth.

40.     When Defendants made their false representations relating to the terms and conditions of the loan and of the value of the property Defendants made with the intent that Plaintiff would rely on them and sign the loan documents and secure the Subject Property for said loan.

41.     Defendants represented themselves as loan experts and represented their employees or third parties such as the appraiser as experts in the field, held accountable by a system of regulations and laws through which they were licensed to develop, underwrite and distribute loans.  Plaintiff relied on Defendants' representations and said reliance was reasonable due to Defendants' advertisement, assertions, and experience in the mortgage industry.

42.     Furthermore, Defendants' actions were intentional, oppressive, and with fraud or malice in conscious disregard of Plaintiff's consumer protection rights thereby justifying the award of punitive damages in the amount to be proven at trial.

43.     Defendants' fraud has caused plaintiff damage in an amount to be determined at trial. At a minimum, it includes the irreparable harm to Plaintiff's credit score and the amount overpaid to Defendants on the fraudulently obtained RML on the Subject Property.   Second, Plaintiff requests reasonable attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## Count V

### Conversion

44.     Plaintiff realleges and incorporates by reference all paragraphs above, as though fully set forth in this cause of action.

45.     As mentioned previously, the Defendants induced the Plaintiff to agree to the RML through fraud, deceit, and deceptive and unfair business practices in violation of Georgia law. Further, Defendants set an unjustly high monthly payment by artificially inflating the value of the property to fraudulently justify a larger mortgage.

46.     By raising the monthly payment rate, the Defendants improperly extracted additional funds from Plaintiff, and improperly converted funds of Plaintiff for their own use and benefit, which was to make more fraudulent loans to unsuspecting borrowers.

47.     Plaintiffs were made to make excessively higher monthly payments as Defendants would cause irreparable harm to be done through negative credit reporting and foreclosure on Plaintiff's house if such payments were not made.

48.     Furthermore, Defendants' actions were intentional, oppressive, and with fraud or malice in conscious disregard of Plaintiff's consumer protection rights thereby justifying the award of punitive damages in the amount to be proven at trial.

49.     Due to the Defendants' conversion, Plaintiff has suffered severe financial hardship. Plaintiff has been damaged in the amount to be proven at trial.   Second, Plaintiff requests reasonable attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## Count VI

### Libel

50.     Plaintiff realleges and incorporates by reference all paragraphs above, as though fully set forth in this cause of action.

51.     In an attempt to coerce payment out of the Plaintiff in regards to the fraudulently obtained RML, the Defendants threatened to report to credit agencies and other third parties that Plaintiff was in default on the RML for a payment that was incorrectly assessed.

52.     Defendants knowingly made these statements with full knowledge of Defendants' wrongful and fraudulent conduct and the Defendants were full aware that the RML was obtained illicitly.   Even with the knowledge of their wrongful acts and illegally obtained RML, the Defendants still made false statements about the amount that the Plaintiff owed and did not pay to third parties in an attempt to defame Plaintiff's reputation and lower the credit score.

53.     Furthermore, Defendants' actions were intentional, oppressive, and with fraud or malice in conscious disregard of Plaintiff's consumer protection rights thereby justifying award of punitive damages in the amount to be proven at trial.

54.     Due to the Defendants' libel, Plaintiff has suffered severe financial hardship.  Plaintiff has been damaged in the amount to be proven at trial.   Second, Plaintiff requests reasonable attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### Count VII

### Violation of Racketeer Influenced and Corrupt Organizations Act (RICO)

55.     Plaintiff realleges and incorporates by reference all paragraphs above, as though fully set forth in this cause of action.

56.     Defendants violated RICO pursuant to O.C.G.A. §16-14-1 et seq.  Each time Plaintiff's fraudulent loan was refinanced, assigned and transferred; each time Plaintiff loan was used as means to extract inflated payments from Plaintiff for the Defendants' benefit; each time the profits generated from Plaintiff's loan was used to perpetuate further acts of fraud by issuing and selling more fraudulent loans throughout the state, Defendants committed multiple predicate acts of fraud.  Moreover, in order to perpetuate these multiple frauds, Defendants used the mail in furtherance of their scheme.

57.     Due to the Defendants' RICO violations, Plaintiff has suffered severe financial hardship.  Plaintiff has been damaged in the amount to be proven at trial.   Second, Plaintiff requests reasonable attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### Count VIII

### Quiet Title

58.     Plaintiff realleges and incorporates by reference all paragraphs above, as though fully set forth in this cause of action.

59.     At all times herein, Defendants committed acts of misrepresentation and fraud as to the terms of the loan, mortgage, and sale of the property with the intent to exert undue influence.

60.     Plaintiff was under unfair persuasion amounting to undue influence because the parties were involved in a fiduciary relationship in which the Plaintiff was justified in assuming that the Defendants would not act in a manner inconsistent with Plaintiff's welfare and best interests.

61.     At all times herein, Defendants gained unfair persuasion and undue influence by improper means including but not limited to misrepresentations, undue flattery, and fraud.

62.     Due to Defendants' undue influence, they received a deed of trust to the property for a loan that Plaintiff should not have given or been allowed to take. This loan would not have taken place but for Defendants' wrongful conduct.

63.     Furthermore, Defendants' actions were intentional, oppressive, and with fraud or malice in conscious disregard of Plaintiff's consumer protection rights thereby justifying award of punitive damages in the amount to be proven at trial.

64.     Due to the Defendants' undue influence, Plaintiff has suffered severe financial hardship and was forced to give a deed of trust to the Defendants. Plaintiff requests that the court invalidate the deed of trust on the property. Plaintiff requests reasonable attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## Count IX

### Injunctive Relief

65.     Plaintiff realleges and incorporates by reference all paragraphs above, as though fully set forth in this cause of action.

66.     As permitted by law, the Plaintiff made numerous clear and convincing causes of actions in which Plaintiff is likely to succeed. Those arguments, including arguments for fraud, breach

of fiduciary duty, unfair business practices, and others, are factually supported and are likely to lead to a decision in favor of Plaintiff. On this ground alone, the Court may grant a preliminary injunction as permitted under Georgia law.

67.    Defendants' threatened wrongful conduct to sell the property to a third party, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Plaintiff by the forced sale of the property. Further, any forced sale of the property will reduce the value of the property and jeopardize Plaintiff's interest in the property. On this ground alone, the Court may grant a preliminary injunction as permitted under Georgia law (O.C.G.A. §9-11-65(d)).

68.    Plaintiff has no adequate remedy at law for the injuries that are threatened, as a foreclosure and forced sale would wrongfully deprive Plaintiff of her property rights and reduce her equity interest in the property. On this ground alone, the Court may grant the preliminary injunction as permitted under Georgia law.

69.    If Defendants are allowed to sell the foreclosed property, Plaintiff would be required to file a separate suit to reverse the sale of the foreclosed property. This would lead to a multiplicity of judicial actions. On this ground alone, the Court may grant the preliminary injunction as permitted under Georgia law.

70.    As a proximate result of Defendants' wrongful conduct, Plaintiff's equity interest and potential sale has been totally lost. Plaintiff will be further damaged if Defendants are allowed to proceed with the sale of the foreclosed property. The full amount of this damage is not now known to Plaintiff, and Plaintiff will amend this Complaint to state this amount when it becomes known to them or on proof of damages.

    WHEREFORE, Plaintiff prays for judgment as set forth below;

**AS TO ALL CAUSES OF ACTION AGAINST ALL DEFENDANTS, PLAINTIFF PRAYS FOR JUDGMENT AS FOLLOWS:**

71.     Defendants, their employees, agents, representatives, successors, assigns, and all persons who act in concert with them be permanently enjoined from:

        (i)      making any untrue or misleading statements or falsely reporting negative credit to reporting agencies regarding Plaintiff;

        (ii)     foreclosing on Subject Property via an unlawful loan;

        (iii)    developing, advertising, issuing, transferring, and selling loans via deceptive trade practices;

72.     Defendants, their employees, agents, representatives, successors, assigns, and all persons who act in concert with them be temporarily enjoined from developing, advertising, issuing, transferring, and selling loans until sufficient showing to the court that Defendants et al. have ceased all deceptive trade practices, including but not limited to implementation of appropriate quality control standards and practices;

73.     Monetary damages as a direct result of Defendant's illegal acts;

74.     Punitive damages due to Defendants' fraudulent acts;

75.     Attorney fees and costs;

76.     Any other damages that the Court sees fit.

Dated: *March 16, 2009*                     Respectfully Submitted,

Irene Kim, Esq.
Georgia Bar # 141924
Geerdes and Kim, LLC
3483 Satellite Blvd.
Duluth, Georgia 30096
404-257-1777
404-257-1050 (fax)
**ATTORNEY FOR PLAINTIFF**

# General Civil Case Filing Information Form (Non-Domestic)

**Court**
☑ Superior
☐ State

**County** Gwinnett

**Docket #** 09A02360-3

**Date Filed** 03/16/2009
MM-DD-YYYY

FILED OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

2009 MAR 16 AM 10: 19

TOM LAWLER, CLERK

**Plaintiff(s)**

| Last | First | Middle I. Suffix Prefix | Maiden |

Krieger, Young Suk
Last | First | Middle I. Suffix Prefix | Maiden

| Last | First | Middle I. Suffix Prefix | Maiden |

| Last | First | Middle I. Suffix Prefix | Maiden |

No. of Plaintiffs 1

**Defendant(s)**

Aurora Loan Services, Inc.
Last | First | Middle I. Suffix Prefix | Maiden

First American Realty Capital Corp.
Last | First | Middle I. Suffix Prefix | Maiden

Lehman Brothers, Inc.
Last | First | Middle I. Suffix Prefix | Maiden

Mortgage Electronic Registration Systems, I.
Last | First | Middle I. Suffix Prefix | Maiden

Does, 1-50, inclusive
No. of Defendants _____

**Plaintiff/Petitioner's Attorney** ☐ Pro Se

Kim Irene
Last | First | Middle I. | Suffix

Bar # 141924

---

## Check Primary Type (Check only ONE)

☑ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Personal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgment Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☐ Tort (If tort, fill in right column)

☐ Other General Civil Specify _____

---

## If Tort is Case Type:
### (Check no more than TWO)

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☐ Other Specify _____

**Are Punitive Damages Pleaded?** ☐ Yes ☐ No

---

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

IN THE SUPERIOR COURT OF GWINNETT COUNTY 09 MAR 17 PM 1: 55
STATE OF GEORGIA

TOM LAWLER, CLERK

YOUNG SUK KREIGER                    )
                                     )
                Plaintiff,           )
                                     )     Civil Action File No.
                                     )
vs.                                  )        09A 2350 -3
                                     )
AURORA LOAN SERVICES, INC.; FIRST    )
AMERICAN REALTY CAPTIAL              )
CORPORATION; LEHMAN BROTHERS,        )
INC.; MORTGAGE ELECTRONIC            )
REGISTRATION SYSTEMS; and DOES 1     )
through 50, inclusive,               )
                                     )
                Defendants.          )

## ORDER FOR THE APPOINTMENT OF PRIVATE PROCESS SERVER

On Motion of the Plaintiff, Young Suk Krieger, it is hereby:

ORDERED, that the Plaintiff's Motion for Appointment of Private Process Server

be GRANTED.
                    Bryan McManis of
ORDERED, that Magnus Process Serving, located at 4508 SE 2nd PL., Ocala, FL

34471, an entity not a party to these proceedings, and residing in the State of Florida, is

hereby appointed to make service of process upon Defendant MORTGAGE

ELECTRONIC REGISTRATION SYSTEMS, INC.

Dated:   3/17/09

                              The Honorable Judge DAWSON JACKSON
                              Superior Court of Gwinnett County
                              State of Georgia

Order submitted by:
Irene Kim, Esq.
Georgia Bar # 141924

Geerdes and Kim, LLC
3483 Satellite Blvd.
Duluth, Georgia 30096
404-257-1777
404-257-1050 (fax)
**ATTORNEY FOR PLAINTIFF**

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

2009 MAR 16  AM 10: 28

TOM LAWLER, CLERK

YOUNG SUK KREIGER )
)
Plaintiff, )
) Civil Action File No.
)
vs. ) 09A02350-3
)
AURORA LOAN SERVICES, INC.; FIRST )
AMERICAN REALTY CAPTIAL )
CORPORATION; LEHMAN BROTHERS, )
INC.; MORTGAGE ELECTRONIC )
REGISTRATION SYSTEMS; and DOES 1 )
through 50, inclusive, )
)

Defendants.

### MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER

Plaintiff, Young Suk Krieger, herein moves the Court for appointment of a private process server for purposes of serving process upon Defendant, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., in the above captioned case. Plaintiff requests that the Court grant his motion because Defendant is hedquartered and receives service of process in the State of Florida.

The Plaintiff requests that the following private process server, experienced serving process upon the Defendant, be appointed:

Magnus Process Serving
4508 SE 2nd PL
Ocala, FL  34471

Magnus Process Serving is an entity not related to any party, has no interest in the above styled case, and is a resident of the State of Florida.  Plaintiff has attached information regarding the suggested private process server attached hereto as EXHIBIT A.

WHEREFORE, Plaintiff prays for an Order of appointment of a private process server as aforesaid.

This 16th day of March, 2009.

Irene Kim, Esq.
Georgia Bar # 141924
Geerdes and Kim, LLC
3483 Satellite Blvd.
Duluth, Georgia 30096
404-257-1777
404-257-1050 (fax)
**ATTORNEY FOR PLAINTIFF**

Private Process Server Process Serving in Ocala Marion County Florida.  Page 1 of 1

Case 1:09-cv-01084-TCB Document 1-1 Filed 04/17/09 Page 25 of 25



## Magnus Process Serving
### We make house visits
### We make business visits



**MAGNUS**

Certified & Bonded

**PROCESS SERVING**

**Hand Delivered Letters to Debtors**

| 4508 SE 2nd PL |
| Ocala, FL 34471 |
| Office 352-624-1884 |
| Fax 775-206-9612 |

| HOME |
| SERVICES |
| COVERAGE AREA |
| ABOUT US |
| LINKS |
| CONTACT US |

<


Website By: *Stella*

## About The Owner



### Bryan McManis Owner

**Education:**

We are a Family Owned Business that uses Modern Technology to get the Job done! Bachelor Of Science Degree in Business Administration. University of Central Florida, Orlando, Florida.

Associate Of Arts Degree in Photography. Central Florida Community College, Ocala, Florida.

Graduate of Detective Training Institute.

Graduate of the Florida Institute of Criminal Justice.

Graduate of the Proctor & Gamble Role University, Atlanta Georgia.

Graduate of the Proctor & Gamble Fast Start Training Course. Tampa, Florida.

Graduate of the Marion County Sheriff Citizens Academy

**Professional License:**

Certified and Bonded Process Server for the Fifth Circuit Court. Marion County Florida. # 04-3-7

Kodak Certified Photo Specialist.

Certified Legal Photographer

**Professional Affiliations:**

Member of NAPPS (National Association of Professional Process Servers)
Member of NAIS (National Association of Investigative Specialists)
Member of NPSA (Nationwide Process Servers Association)
Member of AAPS (American Association of Process Servers)
Member of IPSA (International Process Servers Association)

Phi Theta Kappa National Honor Society, C.F.C.C.
Phi Theta Kappa National Honor Society Alumni, UCF
Pi Kappa Alpha National Fraternity, UCF
KC Alverez Award for Outstanding Student, FICJ, CFCC

Home - Services - Coverage Area - About Us - Links - Contact Us
© 2008 Magnus Process Serving



**PLAINTIFF'S EXHIBIT**
A
tabbies